IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRM, LLC<br>Plaintiff<br>vs<br>GRACE MONGE-LA FOSSE<br>Defendant | CIVIL 12-1284CCC |

**OPINION AND ORDER**

Before the Court is defendant Grace Monge-La Fosse's ("Monge-Lafosse") pro se Motion for Relief from Judgment under Rule 60(B)(4) (**d.e. 46**), filed on October 16, 2015, and plaintiff TRM LLC.'s ("TRM") Response in Opposition (d.e. 47), filed on October 22, 2015.  This is the second Motion for Relief From Judgment filed by defendant Monge-Lafosse. The first such Motion was filed on October 1, 2013 (d.e. 30) and ruled upon on September 17, 2014 (d.e. 35).

**Background**

On April 27, 2012, this foreclosure action complaint was filed against Monge-La Fosse by TRM. (d.e. 1). Service of process was due by August 26, 2012. On August 28, 2012, noting that plaintiff had not served process within the one hundred and twenty (120) days allotted by Fed. R. Civ. P. 4 (m), the Court entered judgment  dismissing the complaint, without prejudice. (d.e. 5). On September 4 and November 5, 2012, plaintiff filed a First (d.e.6) and a Second Motion to Set Aside Judgment. (d.e. 8), which were granted on April 5, 2013 (d.e. 14).  The argument persistently made by defendant is that when she was served on October 4, 2012, six (6) months before the Court vacated

CIVIL 12-1284CCC                                   2

the judgment of dismissal entered on August 28, 2012, the case was still closed.

As the record reflects, Default Judgment in the reopened case was entered against defendant on May 24, 2013. (d.e. 21). Defendant filed a Motion to Set Aside Default Judgment on October 1, 2013 (d.e. 30). Defendant averred in that Motion that at the time she was served on October 4, 2012, the case had not been reinstated. On September 17, 2014, an Order was filed granting defendant's Motion to Set Aside Default Judgment (d.e. 35). That Order specified as a basis for vacating the default judgment the following:

> As is evident by the time line, the present action was dismissed on August 28, 2012 and plaintiff was served October 4, 2012. Although the case was reinstated on April 5, 2013, at the time defendant was served with process, the case had been dismissed and the Court did not have personal jurisdiction over her.

d.e. 35, at p. 3.
On that same date, the Court ordered defendant to answer the complaint by October 16, 2016 (d.e. 36).

On May 28, 2015, the Court once again entered Default Judgment against defendant (d.e. 42) and on October 16, 2015 she filed a pro se Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4) without submitting to the jurisdiction of the Court which is before the Court today (d.e. 46). Federal Rule of Civil Procedure 60(b)(4) permits a court to set aside a final judgment if "the judgment is void." In this pro se Motion, defendant reiterated that since the only time process was served upon her was on October 4, 2012, when the case remained closed, the Court never acquired jurisdiction over her and, therefore, it committed error upon requiring her on September 17, 2014 (d.e. 36) to file an answer to the complaint by October 16, 2014.

CIVIL 12-1284CCC                             3

**Analysis**

As observed in the Order of September 17, 2014 (d.e. 35), the facts of this case are analogous to those in a Seventh Circuit decision. The Court in Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee, found that the district court lacked jurisdiction over defendant, who was served in the initial lawsuit the day after the suit was dismissed without prejudice, so that entry of default judgment was improper, even though the district court had reinstated the case *nunc pro tunc* to the date of dismissal.  198 F.3d 642, 644 (7th Cir. 1999).

The Court finds that it lacks jurisdiction over defendant Grace Monge-La Fosse and that, given the absence of personal jurisdiction, the September 17, 2014 Order requiring her to answer the complaint (d.e. 36) was issued in error. Accordingly, defendant's pro se Motion for Relief From Judgment pursuant to Rule 60(b)(4) filed on October 16, 2015 (**d.e. 46**) is GRANTED.  Consequently, the Default Judgment entered on May 28, 2015 (d.e. 42) is VACATED. Plaintiff's Motions for Confirmation of Sale (**d.e. 48, d.e. 49 and d.e. 50**) are DENIED, and the July 24, 2015 Order of Execution (d.e. 44) is VACATED.

Considering that this foreclosure action was filed in the year 2012, and that ultimately the Court still does not have personal jurisdiction over defendant Monge-La Fosse since the service upon her was made at a time when this action was closed and plaintiff never served process upon defendant after the Court vacated the Default Judgment entered on May 24, 2013 (d.e. 21) by way of its Order dated September 17, 2014 (d.e. 35), further considering that it was expressly stated in that Order that "at the time defendant was served with process . . . the Court did not have personal jurisdiction over her," this case is DISMISSED, without prejudice of filing a new foreclosure action.  The Court

CIVIL 12-1284CCC                           4

made clear in its September 17, 2014 Order that it lacked jurisdiction over defendant.  Indeed, that was the whole basis underlying the September 17, 2014 ruling at docket entry 35.  Plaintiff should have proceeded at that time to serve defendant Monge-La Fosse.  It should also have brought to our attention that the order set forth in the Minutes entered on September 17, 2014 (d.e. 36), immediately following the granting of the first Rule 60(b)(4) motion for lack of personal jurisdiction, was erroneous.

    SO ORDERED.

    At San Juan, Puerto Rico, on August 19, 2016.

                                                  S/CARMEN CONSUELO CEREZO
                                                  United States District Judge